ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Case No. 07–CIV 000237-JJF

| | |
|---|---|
| Agnes Carvel Estate, London, England<br>　by Pamela Carvel, Executrix,<br><br>　　　　Plaintiff<br>v.<br><br>Carvel Corp.<br>　a Delaware corporation<br>　　　Defendant. | OPPOSITION TO<br>DEFENDANT'S<br>MOTION TO<br>DISMISS |

**PAMELA CARVEL'S OPPOSITION TO MOTION TO DISMISS**

Plaintiff Pamela Carvel in her fiduciary capacity to Agnes Carvel and to Agnes Carvel's successors in interest in Complaint for Payment of Rent, hereby files this Memorandum with exhibits in Opposition to Carvel Corporation's Motion to Dismiss.

**I.   CARVEL CORP'S ALTER EGO IS NOT DENIED**

1.   Carvel Corporation does not deny control of, knowledge of, participation in, or profit from the lease of the "Carvel" ice cream franchise premises in question.

2.   Carvel Corporation does not deny that Franchise Stores Realty is a wholly owned subsidiary and alter ego of Carvel Corporation.

1

3. No statement or evidence whatsoever is presented by Carvel Corporation to refute that Carvel Corporation directly controlled and benefited from the lease through its wholly owned subsidiary.

4. Carvel Corporation does not deny that it has always asserted the authority to direct all matters concerning the lease and conducted correspondence concerning the lease on behalf of Franchise Stores Realty (see A-88-A94).

5. Most importantly, Carvel Corporation does not deny that it received the proceeds or profits from the greatly larger rents charge to the franchise store owner in the sub-lease.

6. Carvel Corporation provides no evidence of the separation of Carvel Corporation (or also Focus Brands Inc. for that matter) from Franchise Stores Realty (see A-93). The property covered by the lease was insured by "Focus Brands Inc. 175 Capital Boulevard, Suite 400, Rocky Hill, CT 06067" which is the same address used by Carvel Corporation as cited in the Complaint (see Complaint at #6, also see A-95).

7. Attorneys for Carvel Corporation returned the Waiver of Service of Summons addressed to Carvel Corp. as owner of Franchise Stores Realty, without any alteration to the indication that Carvel Corp is the owner of Franchise Stores Realty (see A-96).

8. Also served (see Complaint at #6, also see A-95) with the Complaint was Thomas Spillman, Smith, Gambell & Russell, LLP, Suite 3100, Promenade 11, 1230 Peachtree Street, N.E., Atlanta, Georgia 30309-3592 who identified themselves as the firm that, "represents Franchise Stores Realty with respect to matters arising under the above-referenced lease" (see A-34). There has been no response to the Waiver of Service sent to this firm. The obvious question arises, "Why does a New York corporation have a Georgia attorney, if it is not because the controlling parent corporation's headquarters is in Georgia?"

9. Courts have used the *"National Labor Relations Board Standard"* for deciding "affiliate liability" under the National Labor Relations Act. The NLRB uses a Four Factor Test, each being of equal weight: i) common ownership, ii) common management, iii) interrelated operations, iv) centralized control of labour and personnel.

10. The history of correspondence ( see eq. A88-A94) regarding the lease and payment being from Carvel Corporation suggests the above criteria for "affiliate liability" by Carvel Corporation for the debts of Franchise Stores Realty.

11. In *Federal Deposit Ins.Corp. v. Allen*, 584 F.Supp. 386 (E.D. Tenn.1984) among the issues considered by the court in disregarding corporate boundaries were:

3

- the use of the corporation as an instrumentality or business conduit for an individual or another corporation;

- the diversion of corporate assets by or to a stockholder or other entity to the detriment of creditors, or the manipulation of assets and liabilities in another;

- the use of the corporation as a subterfuge in illegal transactions;

- the formation and use of the corporation to transfer to it the existing liability of another person or entity; and

- the failure to maintain arms length relationships among related entities." (*Id.* at 397 (citations omitted), also cited in *Greene v. Hill Home Dev. Inc.*, CA No.03A01-9210-CH-00369, 1993 WL 17115, at *2 (Tenn. Ct. App. Jan. 28, 1993); also see *Oceanics*, 112 S.W.3d at 140-141 (citing *In re B & L Laboratories, Inc.*, 62 B.R. 494, 504 (Bankr. M.D. Tenn.1986) (holding that "all of these factors need not be present to justify disregard of the corporate boundaries; however, it is necessary that substantial equities favour the aggressor party.")).

12. There is no denial by Carvel Corporation that the assets of Franchise Stores Realty were transferred to Carvel Corporation or to those who own Carvel Corporation. If Franchise Stores Realty has no

assets to pay its creditors, then the question of fraudulent transfers to evade the creditor's claims must be considered.

13.    Carvel Corporation's Motion to Dismiss cites the application of New York law to the lease (Memorandum, page 4 footnote). It is not accepted that Agnes Carvel or the successors in interest to the lease are New York residents. Nonetheless, applying *New York Debtor and Creditor Law*, s. 278, where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or disregard the conveyance and attach or levy execution upon the property conveyed.

14.    Additionally, *New York Debtor and Creditor Law* s. 280 provides that in any case not provided for, the rules of law and equity including in particular the rules relating to the law of principal and agent, and the effect of fraud, misrepresentation, mistake, or other invalidating cause shall govern.

15.    If Carvel Corporation is attempting to conceal from the court interlocking ownership and being an insider of the debtor Franchise Stores Realty in order to fraudulently transfer rents and assets to others so as to evade the creditor's claim pursuant to the lease, then such transfers can be set aside.

5

## II.     FAILURE TO MEET THE BURDEN TO DISMISS

16.     The party who is making a motion to dismiss must meet a heavy burden because such motions run contrary to the strong institutional bias in American jurisprudence to have matters decided on their merits (*Baker v. Cuomo, 58 F.3d 814, 818 (2d Cir. 1995)*).

17.     A court should grant a motion pursuant to Rule 12(b)(6), therefore, "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (*Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)*).

18.     "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." (*Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)*).

19.     The court must also read the complaint generously (*Leslie Fay Cos. v. Corporate Property Assocs. 3, (In re Leslie Fay), 166 B.R. 802, 807 (Bankr. S.D.N.Y. 1994)*), and draw all reasonable inferences in favor of the pleading party (*Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994), cert. denied, 513 U.S. 816, 130 L. Ed. 2d 28, 115 S. Ct. 73 (1994)*).

## III.   CONCLUSION

20. Plaintiff requests that the Motion to Dismiss be denied for reasons of logic and law cited above; and for: 1) failure to provide substantive evidence to meet the burden to dismiss; 2) failure to provide evidence contrary to the prime facia documents herein provided by Plaintiff that Carvel Corporation has liability as the owner and controller of the lease and Franchise Stores Realty; 3) failure to deny in any way Carvel Corporation's ownership, control, or profit from the lease and from Franchise Stores Realty.

July 13, 2007                                       Respectfully submitted,

                                                    *[signature]*
                                                    Pamela Carvel, appearing *pro se*
                                                    28 Old Brompton Road, Suite 158
                                                    London SW7 3SS England
                                                    US tel/fax fwd  1 954 524 1909

## CERTIFICATE OF SERVICE

I, Pamela Carvel, appearing *pro se*, hereby certify that on July 16, 2007, a true and correct copy and disk of the foregoing document was sent by overnight delivery to be filed with the Clerk of the Court which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Karen Keller
>Young Conaway Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>302 571 6600

>Thomas Spillman
>Smith, Gambrell & Russell, LLP
>Suite 3100
>Promenade 11
>1230 Peachtree Street N.E.
>Atlanta, GA 30309-3592

Additionally, I hereby certify that on July 16, 2007, copies of the foregoing document were served via first class, postage pre-paid, to the above parties.

*[signature]*
Pamela Carvel, appearing *pro se*
28 Old Brompton Road, Suite 158
London SW7 3SS England
US tel/fax fwd  1 954 524 1909



# Carvel ice cream bakery

## Telecopier Transmittal Cover Sheet

TO: _Pamela Carvel_

COMPANY: _____

FAX NO.: _212-687-5263_

FROM: _Karen Pupa Ext. 261_

DATE: _Oct. 14, 1996_

RE: _1995 - 1099  $79,105.28_

Number of Pages, including cover sheet _3_

NOTES:

_Pamela
Please call me if you have any questions._

CARVEL CORPORATION
20 BATTERSON PARK ROAD
FARMINGTON, CONNECTICUT 06032-2502
PHONE: (860) 677-6811 • FAX (860) 677-8211

A-88

```
10/14/96  MON 16:47 FAX 860 677 8211        CARVEL CORP.                              ⌀002

042004                        Supplier Payment Inquiry
                                 CARVEL, AGNES            20240          From Date. . 01/01/95
Payee. . . . . . . .                                                     Thru Date. . 12/31/95
Payment Number . . .                                                     Payment Instrument   *
Supplier Bank Acct .
Skip To Page . . . .
           CK
O    . . .Payment . . .              Payee                              Payment         P P
P Ty Document   Date                 Name                               Amount          C I
  PK  23579  01/01/95   CARVEL, AGNES                                  4,869.94-  D
  PK  23626  01/10/95   CARVEL, AGNES                                  6,103.94-  D
  PK  23661  02/01/95   CARVEL, AGNES                                  4,869.94-  D
  PK  23737  03/01/95   CARVEL, AGNES                                  4,869.94-  D
  PK  23828  03/01/95   CARVEL, AGNES                                  4,869.94-  D
  PK  23901  05/01/95   CARVEL, AGNES                                 17,727.43-  D
  PK  23968  06/01/95   CARVEL, AGNES                                  5,113.45-  D
  PK  24033  07/01/95   CARVEL, AGNES                                  5,113.45-  D
  PK  24090  08/01/95   CARVEL, AGNES                                  5,113.45-  D
  PK  24158  09/01/95   CARVEL, AGNES                                  5,113.45-  D
  PK  24217  10/01/95   CARVEL, AGNES                                  5,113.45-  D
                                                            Page:    1

Opt: 1=Payment  2=JE  3=Remittance       F10=Suppl Ledger   F21=Print   F24=More
```

A-89

```
 10/14/96  MON 16:47 FAX 860 677 8211        CARVEL CORP.                              ☒003

  042004                     Supplier Payment Inquiry
                            CARVEL, AGNES
  Payee. . . . . . . .                  20240             From Date. .  01/01/95
  Payment Number . . .                                    Thru Date. .  12/31/95
  Supplier Bank Acct .                                    Payment Instrument    *
  Skip To Page . . . .


  O  . . .Payment . . .            Payee                     Payment          P P
  P  Ty Document   Date             Name                     Amount           C I
     PK   24278 11/01/95  CARVEL, AGNES                         5,113.45-      D
     PK   24343 12/01/95  CARVEL, AGNES                         5,113.45-      D
                                                           --------------------
                         TOTAL                                 79,105.28-




  Opt: 1=Payment   2=JE   3=Remittance     F10=Suppl Ledger   F21=Print   F24=More
```

A-90



20 Batterson Park Road, Farmington, CT 06032-2502
Phone (860) 677-6811    Fax (860) 677-8211

October 6, 2000

Lartrym Services Inc.
C/O collection Service
37 Store Street, Suite 200
London, England WC1E 7BS

Re:  Rent Arrears – Carvel Store #508
     90-95 South Central Avenue
     Hartsdale, NY – Lease Dated: 04/24/87

Dear Sir/Madam:

We have received your letter dated September 22, 2000 regarding the arrearage as it concerns the referenced matter. Please be advised that we sublease this property to a franchisee, therefore making him responsible for the arrearage. A letter has been prepared and sent to his attention regarding the same.

If you have any questions, please feel free to contact me at extension 227.

Sincerely yours,

Traci L. Beaton
Real Estate Paralegal

/tlb
Enclosure

**Surprise Someone Special Tonight**

Case 1:07-cv-00237-JJF  Document 7  Filed 07/17/2007  Page 13 of 18



20 Batterson Park Road, Farmington, CT 06032-2502
Phone: (860) 677-6811     Fax: (860) 677-8211

October 13, 2000

Lartrym Services Inc.
C/O Collection Service
37 Store Street, Suite 200
London, England WC1E 7BS

Re:  Rent Arrears – Carvel Store #508
     90-95 South Central Avenue
     Hartsdale, NY – Lease Dated: 04/24/87

Dear Sir/Madam:

    As it concerns the taxes which are now due for the referenced property. You sent us a letter on September 22, 2000 indicating that the balance of taxes due for the referenced property was $23,252.00. I contacted the Tax Collector to confirm the amount which you gave to us, as we did not receive a copy of the billing in which you received. She gave me a figure totaling $18,583.67, which includes $12,509.44 for the town and county taxes and $6,074.23 for the school district taxes. Before we pay the amount in which you indicated was due, we ask that you provide us with a copy of the bill that you received from the tax collector that clearly indicates the total tax due.

    Your prompt attention to this matter would be greatly appreciated.

    If you have any questions and/or concerns, please feel free to contact me at extension 227.

Sincerely yours,

*Traci L. Beaton*

Traci L. Beaton
Real Estate Paralegal

/tlb

**Surprise Someone Special Tonight**

A-92

# ACORD CERTIFICATE OF LIABILITY INSURANCE

Page 1 of 2

DATE: 12/05/2004

**PRODUCER**
877-945-7378
Willis North America, Inc. - Regional Cert Center
26 Century Blvd.
P. O. Box 305191
Nashville, TN 372305191

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURED**
FOCUS BRANDS, INC.
175 Capital Boulevard
Suite 400
Rocky Hill, CT 06067

**INSURERS AFFORDING COVERAGE** | NAIC#
INSURER A: Hartford Insurance Company of Illinois | 38288-001
INSURER B:
INSURER C:
INSURER D:
INSURER E:

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY [X] COMMERCIAL GENERAL LIABILITY CLAIMS MADE [X] OCCUR | 10UUNUU8049 | 12/1/2004 | 12/1/2005 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $500,000 |
| | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY [ ] PROJECT [ ] [X] LOC | | | | PRODUCTS - COMP/OP AGG | $1,000,000 |
| | | AUTOMOBILE LIABILITY ANY AUTO ALL OWNED AUTOS SCHEDULED AUTOS HIRED AUTOS NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN AUTO ONLY: EA ACC / AGG | $ |
| | | EXCESS LIABILITY OCCUR CLAIMS MADE DEDUCTIBLE RETENTION $ | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS / OTHER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | OTHER | | | | | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS**
CERTIFICATE HOLDER IS INCLUDED AS AN ADDITIONAL INSURED AS THEIR INTEREST MAY APPEAR WITH RESPECT TO:

STORE: S. CENTRAL AVENUE, HARTSDALE, NY

**CERTIFICATE HOLDER**
REALTIES/LANTRYX SERV.
37 STORE ST. - SUITE 200
LONDON, LON
United Kingdom

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE

ACORD 25 (2001/08)    Coll:1157274 Tpl:323733 Cert:5079708    © ACORD CORPORATION 1988

A-93

## IMPORTANT

If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

## DISCLAIMER

The Certificate of Insurance on the reverse side of this form does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder, nor does it affirmatively or negatively amend, extend or alter the coverage afforded by the policies listed thereon.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   FRANCHISE STORES REALTY
   CARVEL CORP
   C/O THOMAS SPILLMAN
   STE 3,00 PROMENADE II
   1230 PEACHTREE ST NE
   ATLANTA, GA
   30309 - 3592

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature]
   ☐ Agent
   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
   Joseph Evans

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7005 3110 0002 3293 0855

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   CARVEL CORP
   175 CAPITAL BL STE 400
   ROCKY HILL CT

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X Brenda Eslu[?]
   ☐ Agent
   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                   5/10/07

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7005 3110 0002 3293 0848

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

A-95

AO 398 (Delaware Rev. 7/00)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

Anthony
Austin    *illegible*

TO: (A) **CARVEL CORP** _____

as (B) **OWNER** _____ of (C) **FRANCHISE STORES REALTY**

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Delaware and has been assigned docket number  07 - 237 .

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) **30** days after the date designated below as the date on which this Notice and is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this  5th  day of ___**MAY**___, 2007__ .

*Pamela Carvel* pro se
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (Delaware Rev. 7/00)

## WAIVER OF SERVICE OF SUMMONS

TO: <u>**AGNES CARVEL ESTATE, Pamela Carvel, Executrix**</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>**CARVEL CORP.**</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>**complaint for payment of rent**</u>,
(CAPTION OF ACTION)

which is case number <u>07-237</u> in the United States District Court
(DOCKET NUMBER)

for the District of Delware.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>5/3/07</u>, or within 90 days after that date if the request was sent outside the United States. (DATE REQUEST WAS SENT)

<u>6/11/07</u>      <u>Karen E. Keller</u>      (Young Conaway Stargatt + Taylor, LLP
(DATE)         (SIGNATURE)                The Brandywine Bldg, 17th fl.
                                          1000 West St
Printed/Typed Name: <u>Karen E. Keller</u>   Wilmington, DE 19801)

As <u>Attorney</u>          for  <u>Carvel Corp.</u>
   (TITLE)                     (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

A-97