IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGNES CARVEL ESTATE<br>by PAMELA CARVEL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-237-JJF |
| v. | : | |
| | : | |
| CARVEL CORP., | : | |
| | : | |
| Defendant. | : | |

**CARVEL CORPORATION'S REPLY IN SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR TO AMEND COMPLAINT**

Defendant Carvel Corporation ("Carvel Corp.") hereby replies to the Opposition to

Motion to Strike ("Plaintiff's Opposition") (D.I. 15) filed by Pamela Carvel purportedly on

behalf of the Agnes Carvel Estate ("Pamela") and states:

1.      As part of Carvel Corp.'s opposition to the Motion for Summary Judgment

("Carvel's Pleading") (D.I. 12), Carvel Corp. moved to strike Plaintiff's Motion (D.I. 9) because

it was based wholly upon unauthenticated documents, many of which contain inadmissible

hearsay. As Carvel Corp. has pointed out, "[u]authenticated documents may not be considered

by a court in deciding a summary judgment motion." *Agrizap, Inc. v. Woodstream Corp.*, 450 F.

Supp.2d 562, 569 (E.D. Pa. 2006) (citing 11 James Wm. Moore, et al., *Moore's Federal

Practice,* § 56.14[2][c] (3d ed. 2005)); *see also Hernandez v. Breceda*, 2007 WL 1280726 (9th

Cir. May 1, 2007) ("We have repeatedly held that unauthenticated documents cannot be

considered in a motion for summary judgment.") (citation omitted); *Belofsky v. General Elec.

Co.*, 1 F. Supp.2d 504, 507 (D.V.I. 1998) ("Neither the moving party or opposing party may rely

on evidence that would be inadmissible at trial to either support or oppose a motion for summary

judgment."). In Plaintiff's Opposition, Pamela does nothing to overcome the infirmity caused by her reliance on these documents.

2.      In Plaintiff's Opposition, Pamela seems to argue that a party must file an answer to a complaint prior to filing a motion to dismiss pursuant to Federal Rule 12(b)(6). *See* Plaintiff's Opposition, ¶¶ 8-10. This argument is simply wrong. A motion asserting that a plaintiff has failed to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." *See* FED. R. CIV. PRO. 12(b).

3.      Pamela then cites Rules 104, 301, and 401 of the Federal Rules of Evidence. These rules do not provide that unauthenticated hearsay documents are to be considered on a motion for summary judgment. Accordingly, these rules are of no help to Pamela.

4.      The facts as stated in Carvel's Pleading come directly from: *In re Carvel Foundation*, 2002 WL 32872391, *2 (N.Y. Sur. April 1, 2002); *In re Carvel*, 2 A.D.3d 847, 769 N.Y.S.2d 402 (2003); *See In re Carvel*, 817 N.E.2d 824 (N.Y. 2004); and the June 11, 2007 Approved Judgment from the High Court of Justice, Chancery Division in London. Pamela, however, states that "Carvel Corp.'s recitations of the 'undisputed facts' are wholly disputed for truthfulness, exactness, and erroneous conclusions." Plaintiff's Opposition, ¶ 18. Rather than helping her case, Pamela's assertion demonstrates why her current claim is barred by *res judicata* and/or collateral estoppel and the *Rooker-Feldman* doctrine. *See Horsehead Indus., Inc. v. Paramount Communications, Inc.*, 258 F.3d 132, 141 (3d Cir. 2001) ("an issue may not be relitigated if the identical issue was necessarily decided in a previous proceeding, provided that the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in the prior action"); *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 358 n.10 (3d Cir. 2004) ("*Rooker-Feldman* doctrine[] prohibits federal courts from considering any claim

2

'inextricably intertwined' with a state court adjudication."). In arguing that the lease enforcement was never litigated in state court (Plaintiff's Opposition, ¶ 24), Pamela ignores the fact that the issue of who owns the real property that is the subject of the lease was litigated to a conclusion unfavorable to her. Indeed, despite that unfavorable conclusion, Pamela goes on to state that "issues of ownership are preserved and not waived by the issues limited in this case." Plaintiff's Opposition, ¶ 27. Put simply, with regard to ownership of the real property at issue, there is nothing left for Pamela to preserve.

5.    It is beyond dispute that the Surrogate's Court for Westchester County expressly decided that The Thomas and Agnes Carvel Foundation ("The Foundation") owns the real property that is the subject of lease at issue in this case, *i.e.*, that Agnes' estate does not. *In re Carvel Foundation*, 2002 WL 32872391 at *4. Despite Pamela's convoluted argument to the contrary, logic dictates that Pamela is not entitled to rent payments for property that she does not own.

6.    It is undisputed that Agnes Carvel died on August 4, 1998. Moreover, the Surrogate's Court found: "The basic estate plan was to provide income to the surviving spouse *for life, provide the remainder to the Foundation*, and obtain the benefit of the marital deduction." *Id.* at *5 (emphasis added). Contrary to her Complaint, Pamela now claims that she is seeking rent payment from as far back as 1991, *i.e.*, 16 years prior to Pamela filing this lawsuit. Plaintiff's Opposition, ¶ 30. The statute of limitations for breach of contract under New York law, however, is six years. *See Airweld, Inc. v. Medical Gases, Inc.*, 2006 WL 2726789, *5 (N.Y. Sup. Sept. 19, 2006) ("The statute of limitations for a cause of action for breach of lease is six years."); CPLR § 213 ("The following actions must be commenced within six years: an

3

action upon a contractual obligation or liability").[1]  In short, Pamela cannot prevail on a claim for rent due prior to the date of Agnes's death, August 4, 1998, because any such claim is time-barred; and Pamela cannot prevail on an action for rent due after Agnes's death because any such rent payment would belong to The Foundation.  Consequently, this Court should dismiss the Complaint with prejudice because Pamela has not, and cannot, assert a claim upon which relief can be granted.

7.    Pamela's remaining hodgepodge of confusing and erroneous legal arguments regarding personal jurisdiction as well as her wild assertions about whether the New York courts would be "friendly" to Carvel Corp. are irrelevant and unsupported by any factual allegations. *See* Plaintiff's Opposition, ¶¶ 35-43.  Because Pamela's claim is barred by *res judicata* and/or collateral estoppel, the *Rooker-Feldman* doctrine, and the statute of limitations, the Court need not address these arguments.

WHEREFORE, this Court should strike or deny the Motion for Summary Judgment and dismiss, with prejudice, the Complaint filed by Pamela Carvel on behalf of the Agnes Carvel Estate.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

September 14, 2007

Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
*Attorneys for Defendant Carvel Corp.*

---

[1]    To the extent that Pamela argues that the New York statute of limitations does not apply because she has filed this lawsuit in the United States District Court for Delaware, the Delaware statute of limitations for breach of contract bodes even worse for her.  *See* 10 Del.C. § 8106 (providing a three-year statute of limitations for breach of contract).

4

OF COUNSEL:

Anthony P. Ashton (admitted *pro hac vice*)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 14, 2007, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Pamela Carvel
> 28 Old Brompton Road, Suite 158
> London SW7 3SS England

Additionally, I hereby certify that on September 14, 2007, copies of the foregoing document were served via first class mail, postage pre-paid to the above party.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*

Karen L. Pascale (No. 2903)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6554
kpascale@ycst.com